UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAYMOND SPENCER, et al., | Case No. 2:25-cv-00204-TMC |
| Plaintiffs, | ORDER DENYING MOTIONS FOR INTERLOCUTORY APPEAL |
| v. | |
| KING COUNTY, | |
| Defendant. | |

## I.    ORDER

On March 31, 2026, this Court entered two orders on pending summary judgment motions in this consolidated case: one for the Spencer Plaintiffs (Dkt. 61), and one for the Waverly Hills Plaintiff (Dkt. 62). On April 14, each set of Plaintiffs filed a motion seeking entry of partial judgment under Federal Rule of Civil Procedure 54(b) or certification of an interlocutory appeal. Dkts. 63, 64. King County opposes both motions. Dkts. 65, 66. Both motions are DENIED.

### A.    Rule 54(b)

Under Rule 54(b), "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or

ORDER DENYING MOTIONS FOR INTERLOCUTORY APPEAL - 1

parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). "It is left to the sound discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised in the interest of sound judicial administration." *Id.* (internal quotation marks omitted) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435, 437 (1956)).

For both the Spencer and Wavery Hills plaintiffs, even if there has been a final judgment on some individual claims (which the parties dispute), the issues decided on summary judgment and the issues that remain are factually intertwined. Entering partial final judgment would contradict "the historic federal policy against piecemeal appeals" and run a significant risk that the "appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* (quoting *Mackey*, 351 U.S at 438). The Court therefore DENIES the request for entry of partial judgment under Rule 54(b).

**B.    Interlocutory Appeal**

Under 28 U.S.C. § 1292(b), there is a "narrow exception" to the general rule that allows appeals only from final judgments. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). That exception applies only if the district court certifies in writing that an order (1) "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* (quoting 28 U.S.C. § 1292(b)). The "party pursuing the interlocutory appeal bears the burden" of demonstrating each requirement. *Id.*

ORDER DENYING MOTIONS FOR INTERLOCUTORY APPEAL - 2

Neither the Spencer nor Waverly Hills Plaintiffs have met this burden. The issues decided by the Court on summary judgment as to the Spencer Plaintiffs concerned mixed questions of fact and law; the Court's analysis in both cases was largely controlled by existing precedent, even if Plaintiffs believe those cases were wrongly decided; and an interlocutory appeal would simply prolong litigation that must move forward on the remaining claims and issues even if Plaintiffs were to prevail on appeal. Plaintiffs have not satisfied the narrow exception to the final judgment rule.

## II.    CONCLUSION

Plaintiffs' motions for partial judgment or certification of an interlocutory appeal (Dkts. 63, 64) are DENIED.


Dated this 10th day of June, 2026.

_____
Tiffany M. Cartwright
United States District Judge

ORDER DENYING MOTIONS FOR INTERLOCUTORY APPEAL - 3