UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAYMOND SPENCER, et al.,

Plaintiffs,

v.

KING COUNTY,

Defendant.

Case No. 2:25-cv-00204-TMC

ORDER ON APPLICABILITY OF *ARNOLD V. MELANI* FACTORS

WAVERLY HILLS CLUB INCORPORATED,

Plaintiff,

v.

KING COUNTY,

Defendant.

KING COUNTY,

Counter-Plaintiff,

v.

RAYMOND SPENCER, et al.,

Counter-Defendants.

KING COUNTY,

Counter-Plaintiff,

v.

WAVERLY HILLS CLUB INCORPORATED,

Counter-Defendant.

## I. INTRODUCTION

This case concerns a dispute over a strip of land located along the East Lake Sammamish Trail ("ELST") in Sammamish, Washington. Within the disputed strip, Defendant King County operates a public-use trail, and Plaintiffs Raymond and Lael Spencer have built and maintained a private garden. On March 31, 2026, the Court issued an order granting in part and denying in part King County's motion for summary judgment against the Spencers. Dkt. 61. In relevant part, the Court quieted title in the disputed property to King County. *Id.* at 22.

King County now seeks ejectment of the Spencers' encroachments into its property. Dkt. 72. On May 15, 2026, it moved for an order on the applicability of the equitable factors set forth by the Washington Supreme Court in *Arnold v. Melani*, 75 Wn.2d 143, 449 P.2d 800

(1968), arguing as a matter of law that the *Arnold* factors do not apply to it because it is a government entity. *Id.* On June 1, the Spencers and Plaintiff Waverly Hills Club each opposed the motion. Dkts. 74, 76. King County replied four days later. Dkt. 81.

Because Washington case law does not support King County's position that the *Arnold* factors do not apply to government entities, the Court DENIES King County's request for ejectment without prejudice. Any discovery or motions practice related to the *Arnold* factors must be completed together with the other remaining claims in the case. If the parties need additional time to complete discovery, they may move for an extension of the case schedule.

## II. DISCUSSION

Encroachment is a type of trespass in which one person builds a structure on another person's land. *Proctor v. Huntington*, 169 Wn.2d 491, 496, 238 P.3d 1117 (2010). The traditional remedy for encroachment is ejectment—an injunction requiring the trespasser to remove any encroaching structures. *Id.*; *Arnold*, 75 Wn.2d at 146. But in *Arnold*, the Washington Supreme Court explained that a court should not issue such an injunction "as a matter of course." 75 Wn.2d at 152. To guide courts in "grant[ing] equity in a meaningful manner, not blindly," the *Arnold* court set out five favors for consideration:

> [A] mandatory injunction can be withheld as oppressive when . . . it appears (and we particularly stress), that: (1) The encroacher did not simply take a calculated risk, act i[n] bad faith, or negligently, wilfully or indifferently locate the encroaching structure; (2) the damage to the landowner was slight and the benefit of removal equally small; (3) there was ample remaining room for a structure suitable for the area and no real limitation on the property's future use; (4) it is impractical to move the structure as built; and (5) there is an enormous disparity in resulting hardships.

*Id.* As the Washington Supreme Court later explained, "[t]he entire purpose" of the *Arnold* ruling "was to show that injunctions should not mechanically follow from any encroachment." *Proctor*, 169 Wn.2d at 502. Instead, when a party seeks ejectment, the court must "reason through the

*Arnold* elements as part of its duty to achieve fairness between the parties." *Garcia v. Henley*, 190 Wn.2d 539, 543, 415 P.3d 241 (2018) (quoting *Proctor*, 169 Wn.2d at 503).

Citing a host of cases from Washington and other jurisdictions, King County argues that application of the *Arnold* factors to its request for ejectment "would contravene the public policy underlying the preservation of public lands for public use, not private gain," Dkt. 72 at 6–9, and would impermissibly interfere with its responsibilities as trail sponsor of the ELST under the National Trails System Act Amendments of 1983 ("Trails Act"), 16 U.S.C. § 1247(d). *Id.* at 11–12. In making this argument, King County correctly observes that no Washington case has applied the *Arnold* factors to a suit by a government entity seeking ejectment. *Id.* at 7. However, Washington courts also have not definitively stated—or even suggested—that the factors do not apply to public entities as a matter of law. To the contrary, at least one court has rejected an argument that "balancing the equities . . . is appropriate only where the litigation concerns purely private interests." *Radach v. Gunderson*, 39 Wn. App. 392, 398–400, 695 P.2d 128 (1985) (applying the *Arnold* factors to grant equitable relief to a private party at the expense of the City of Ocean Shores).

The authorities cited by King County do not persuade the Court that Washington courts would refuse to apply the *Arnold* factors to suits by government entities. For example, King County relies extensively on *Neighbors v. King County*, 15 Wn. App. 2d 71, 479 P.3d 724 (2020), which it describes as "directly on point." Dkt. 72 at 7, 11; Dkt. 81 at 7–8. There, the Washington Court of Appeals affirmed a trial court order allowing King County to eject encroaching structures from a portion of the ELST without first applying "equitable principles." *Neighbors*, 15 Wn. App. 2d at 90–91. Reviewing the trial court's ruling for abuse of discretion, the court of appeals concluded that the trial court's decision to order ejectment, based in part on its recognition of King County's duties under the Trails Act, was "not manifestly unreasonable."

*Id.* at 90. Despite the factual similarities between *Neighbors* and the present matter, this short opinion applying a deferential standard of review does not stand for the broad proposition that the *Arnold* factors "should not" be applied in situations like this one. *See* Dkt. 72 at 7.

The other cases King County cites are similarly equivocal or even weigh against its argument. *See, e.g.*, *Unzelman v. City of Snohomish*, 40 Wash. 588, 591–92, 82 P. 911 (1905) (concluding that trespassers who placed encroaching structures on city streets acted "knowingly and willfully" and thus were not "in position to invoke equitable estoppel against the city"); *City of Seattle v. P. B. Inv. Co.*, 11 Wn. App. 653, 662, 524 P.2d 419 (1974) ("[A]lthough equitable estoppel cannot be applied to actions of a municipal corporation which are purely ultra vires, it is well established that the doctrine may be applied to actions which are procedurally defective but which are within the realm of granted authority."); *City of Bainbridge Island v. Brennan*, 128 Wn. App. 1046, 2005 WL 1705767, at *15 (2005) (applying abuse-of-discretion review to a trial court's order to remove encroaching structures); *see also United States v. Grabler*, 907 F. Supp. 499, 506–07 (D. Mass. 1995) (applying equitable factors to a request by the United States for injunctive relief against encroaching structures on its land), *aff'd*, 79 F.3d 1136 (1st Cir. 1996). The Court cannot, without more definitive instruction from the Washington courts, "mechanically" grant an injunction to King County absent consideration of the *Arnold* factors. *See Proctor*, 169 Wn.2d at 502.

## III. CONCLUSION

Because the Court declines to rule that the equitable factors outlined in *Arnold v. Melani*, 75 Wn.2d 143, 449 P.2d 800 (1968) do not apply to King County as a matter of law, King County's motion for ejectment (Dkt. 72) is DENIED without prejudice. Any discovery or motions practice related to the *Arnold* factors must be completed together with the other

remaining claims in the case. If the parties need additional time to complete discovery, they may move for an extension of the case schedule.

Dated this 24th day of September, 2026.

Tiffany M. Cartwright
United States District Judge